United States District Court
Southern District of Texas
**ENTERED**
March 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BONNIE BURNS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01510 |
| § | |
| CENLAR FSB, *et al.*, § | |
| § | |
| Defendants. § | |

## **ORDER**

Before the Court is *pro se* Plaintiff Bonnie Burns' ("Plaintiff") Original Petition (Doc. #1, Ex. 4) and Defendants Cenlar FSB and CitiMortgage, Inc.'s (collectively, "Defendants") Motion to Dismiss (Doc. #4). Plaintiff has not filed a response. Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion to Dismiss. Doc. #4.

On April 3, 2023, Plaintiff filed her Original Petition in the 400th Judicial District of Fort Bend County, Texas, seeking to stop the foreclosure and sale of a residence located in Missouri City, Texas. Doc. #1, Ex. 4. Documents attached to the Original Petition show that the Deed of Trust being foreclosed upon was executed by Linda Thomas and Clifford Thomas (the "Borrowers"), who are now deceased. *Id.* at 2, 9. Defendant CitiMortgage, Inc. is the mortgagee on the Deed of Trust, and Defendant Cenlar FSB is the mortgage servicer. *Id.* at 7. Plaintiff is the daughter and heir of the Borrowers and alleges that Defendants breached the "mortgage contract" by refusing to grant a loan modification, mortgage assistance, or government mortgage assistance. *Id.* Plaintiff also seeks injunctive relief precluding Defendants from foreclosing on the residence. *Id.*

On April 24, 2023, Defendants removed this action on the basis of diversity jurisdiction. Doc. #1 at 2. On May 1, 2023, Defendants moved to dismiss Plaintiff's breach of contract claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. #4. Plaintiff has not responded to the Motion to Dismiss.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. "Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 864 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Defendant moves to dismiss Plaintiff's claim for breach of contract because Plaintiff is not a party to the Deed of Trust. Doc. #4. Courts in this Circuit have consistently held that, in foreclosure actions, plaintiffs cannot maintain breach of contract claims "if they are not a party to the [Deed of Trust] and never assumed the Borrower's interests under the loan agreement." *Spraggins v. Caliber Home Loans, Inc.*, No. 3:20-CV-01906-S-BT, 2020 WL 8366645, at *9 (N.D. Tex. Dec. 31, 2020), *report and recommendation adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021); *see also Germanson v. Midland Mortg.*, No. SA-22-CV-00275-JKP, 2022 WL 1157903, at

2

\*2 (W.D. Tex. Apr. 19, 2022) (dismissing the plaintiff's breach of contract claim against a mortgagee where the plaintiff alleged that he was the heir of the deceased borrowers on the deed of trust at issue because he was "not a party to the subject Loan Agreement"); *Espana v. Midfirst Bank*, No. 7:23-CV-00016, 2023 WL 1997117, at \*2 (S.D. Tex. Feb. 14, 2023).

For instance, in *Espana*, the plaintiff filed suit "as heir to the mortgagor" to prevent the foreclosure sale of property, seeking an injunction and alleging breach of contract. 2023 WL 1997117, at \*1. This Court granted the mortgagee's motion to dismiss pursuant to Rule 12(b)(6) because the plaintiff "had no contract" with the mortgagee, as she was not a party to the loan agreement and had not alleged that she assumed the borrower's interest. *Id.* at \*2 (citing *Swannie v. Bank of New York, Mellon*, No. 4:11-CV-338-Y, 2012 WL 2942242, at \*3 (N.D. Tex. July 19, 2012)).

Here, Plaintiff does not allege, and the documents attached to the Original Petition do not suggest, that she is a party to the Deed of Trust or any other contract with Defendants. Doc. #1, Ex. 4 at 2, 9. Moreover, Plaintiff does not allege that she assumed the Borrowers' interests under the loan agreement. *See id.* Thus, Plaintiff cannot plausibly allege breach of contract because she is not a party to any contract with Defendants. *See Espana*, 2023 WL 1997117, at \*2. And given that Plaintiff has not alleged a viable breach of contract claim, Plaintiff is not entitled to injunctive relief. *See Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, 2019 WL 92190, at \*5 (S.D. Tex. Jan. 2, 2019) (holding that the plaintiff, who was seeking a judgment preventing foreclosure of the property at issue, was not entitled to injunctive relief because he stated "no viable cause of action"); *Germanson*, 2022 WL 1157903, at \*2 ("When a plaintiff fails to state a viable cause of action, injunctive relief is unwarranted.").

For the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED, and this

case is DISMISSED WITH PREJUDICE.

It is so ORDERED.

MAR 2 5 2024
Date

The Honorable Alfred H. Bennett
United States District Judge